**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| SHAPARIS RICE,       ) | |
|       ) | |
|     **Plaintiff,**       ) | |
|       ) | |
| **v.**       ) | **Case No. 2:20-cv-02123-JTF-cgc** |
|       ) | |
| SHELBY COUNTY SHERIFF       ) | |
| DEPARTMENT,       ) | |
|       ) | |
|     **Defendant.**       ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

Before the Court is Plaintiff Shaparis Rice's *pro se Complaint*, filed on February 19, 2020. (ECF No. 1.)  Upon screening the Complaint, on January 22, 2021, the Magistrate Judge issued a Report and Recommendation to dismiss Plaintiff's Complaint.  (ECF No. 8.)  Plaintiff failed to file objections to the Report and Recommendation.  As explained below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.  Plaintiff's Complaint is **DISMISSED** with prejudice.

### FINDINGS OF FACT

Plaintiff alleges that the Shelby County Sheriff's Department terminated his employment because he "report[ed] a crime that was committed inside the jail facility at '201' Poplar with officers assaulting an inmate."  (ECF No. 1, 4.)  Plaintiff adds that after he reported this alleged crime to his attorney, Defendant terminated his employment "for reporting this criminal activity and for being the whistleblower."  (*Id.*)  Plaintiff asserts a claim for retaliation under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et seq.*

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted.) Upon review, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015).

Usually, the district court must review dispositive motions under the *de novo* standard. However, a district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v.*

*Arn*, 474 U.S. 140, 150 (1985).  A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.  *Brown*, 47 F. Supp. 3d at 674.

## 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B).  LR 4.1(b).  Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

## Standard of Review for Failure to State a Claim

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681).  Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Curtin*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, and the Court cannot create a claim

that has not been spelled out in a pleading. *Falkner v. United States*, No. 11-2982-STA-cgc, 2012 U.S. Dist. LEXIS 93372, at \*16 (W.D. Tenn. July 6, 2012).

## ANALYSIS

The Report and Recommendation recommends that Plaintiff's Complaint fails to state a claim upon which relief may be granted because it does not allege that Plaintiff engaged in a protected activity under Title VII. (ECF No. 8, 3.) Plaintiff has not filed objections, and the time to do so has expired. The Courts has reviewed the Complaint and—while not obligated to do so— has conducted a *de novo* review of the Magistrate Judge's Report and Recommendation. The Court finds that Plaintiff's Complaint should be dismissed for failing to state a claim upon which relief may be granted. Accordingly, the Court **ADOPTS** the Report and Recommendation. Plaintiff's Complaint is **DISMISSED** with prejudice.

The Court also agrees with the Magistrate Judge's recommendation that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff may not appeal the above determination *in forma pauperis* because such an appeal would not be taken in good faith. Plaintiff did not object to the Report and Recommendation. Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The good faith standard is an objective one" and considers whether the litigant seeks appellate review of any nonfrivolous issue. *Beard v. Memphis, TN Crim. & Judicial Sys.*, No. 17-2184-STA-cgc, 2017 U.S. Dist. LEXIS 100175, at \*8 (W.D. Tenn. June 16, 2017). Additionally, courts hold that it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, while simultaneously finding that the claim has sufficient merit to support an appeal *in forma pauperis*. *Id.* at \*9. The same considerations that favor dismissal of Plaintiff's Complaint also compel the conclusion that an appeal here would be

frivolous and, thus, not taken in good faith. *See id.* at *8. Accordingly, this Court certifies, pursuant to 28 U.S.C. § 1915(a), that an *in forma pauperis* appeal in this case by Plaintiff would not be taken in good faith, and thus, may not be taken.

## **CONCLUSION**

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8). Plaintiff's Complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court **CERTIFIES** that Plaintiff may not appeal the determination herein *in forma pauperis*.

**IT IS SO ORDERED** this 30th day of August, 2021.

 *s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE